David L. HART and Ann
B. Hart, Appellants

v.

Elizabeth O'MALLEY and Charles
Aliano, Appellees

David L. Hart and Ann
B. Hart, Appellees

v.

Elizabeth O'Malley and Charles
Aliano, Appellant.

Superior Court of Pennsylvania.

Submitted April 30, 2001.
Filed July 30, 2001.

Charles M. Watkins, Reading, for Hart.

Frank T. Blasi, Scranton, for O'Malley.

Charles J. Aliano, pro se.

Before: MUSMANNO, ORIE MELVIN and BROSKY, JJ.

MUSMANNO, J.

¶ 1 Appellants David L. Hart ("David") and Ann B. Hart ("Ann") (collectively "the Harts"), appeal from the September 20, 1999 Order of the trial court, which grant-

ed judgment n.o.v. in favor of Appellee Elizabeth O'Malley ("O'Malley") on the issue of punitive damages in this action for wrongful use of civil proceedings pursuant to the Wrongful Use of Civil Proceedings Act ("the Dragonetti Act"), 42 Pa.C.S.A. §§ 8351–8354. O'Malley cross-appeals from the final Judgment entered against her and in favor of the Harts in the same action.[1] We vacate the judgment and reverse the Order dated September 20, 1999, and remand this case for reinstatement of the punitive damage award. Jurisdiction relinquished.

¶ 2 The relevant facts and procedural history of this case are as follows. David and Ann own a parcel of land in Susquehanna County, on which a mobile home park, Montrose Terrace Park ("park"), was developed in three separate sections. O'Malley's property is located closest to Section I, however, her property does not adjoin any section of the park. David began developing Section I of the park in 1972. In 1985, the park was expanded to 55 units. This expansion is referred to as Section II. In August of 1991, the Harts desired to increase the number of units in the park. They submitted a plan to the Susquehanna County Planning Commission for the necessary approval of the expansion, known as Section III.

¶ 3 On March 5, 1992, O'Malley filed a Complaint in Equity and Petition for preliminary injunction seeking to enjoin and restrain the Susquehanna Planning Commission from granting final approval of the Harts' proposed extension of their mobile home park because she alleged that she would suffer immediate and irreparable damage. The trial court entered an Order

1. Pursuant to Pennsylvania Rule of Appellate Procedure 513, we have consolidated these cases on appeal. "Where there is more than one appeal from the same order, or where the same question is involved in two or more appeals in different cases, the appellate court may, in its discretion, order them to be argued together in all particulars as if but a single appeal." Pa.R.C.P. 513.

upon *ex parte* presentation by O'Malley's counsel, granting her Petition for a preliminary injunction. The Order granting the injunction was continued in effect based upon the stipulation of O'Malley and the Susquehanna Planning Commission.

¶ 4 On May 11, 1992, the trial court granted the Harts' Petition to intervene in the injunction action. The Harts then filed an appeal from the trial court's May 11, 1992 Order to the Commonwealth Court of Pennsylvania. The Commonwealth Court dismissed the appeal. Shortly thereafter, the Harts filed a Motion for Reconsideration, which the Commonwealth Court denied.

¶ 5 On October 20, 1992, the trial court entered an Order dissolving O'Malley's injunction. The Harts then filed an action seeking monetary damages against O'Malley and Charles Aliano, Esquire ("Aliano"), O'Malley's counsel, pursuant to the Dragonetti Act, alleging abuse of process and intentional infliction of emotional distress. The trial court dismissed this action.

¶ 6 On appeal to this Court, we affirmed the dismissal of the Harts' Complaint for wrongful use of civil proceedings and abuse of process against Aliano, and the Complaint for abuse of process and intentional infliction of emotional distress against O'Malley. *See Hart v. O'Malley,* 436 Pa.Super. 151, 647 A.2d 542 (1994). Therefore, all pending actions were dismissed against both O'Malley and Aliano.

¶ 7 On May 22, 1996, the Pennsylvania Supreme Court decided that the Harts could proceed only against O'Malley on one count of wrongful use of civil proceedings. *See Hart v. O'Malley,* 544 Pa. 315, 676 A.2d 222 (1996).

¶ 8 Prior to trial, the trial court granted O'Malley's Motion *in limine* requesting

that the trial court prohibit the Harts from presenting evidence of attorney's fees, other than attorney's fees incurred by the Harts in defending the injunction action. The Harts filed a Motion requesting the trial court to reconsider its ruling on the issue of attorney's fees, but this Motion was denied.

¶ 9 On May 4, 1999, the jury awarded damages in favor of the Harts and against O'Malley in the amount of $31,895.00, which included an award of punitive damages in the amount of $10,000.00.[2] O'Malley timely filed post-trial Motions, which included a Motion for judgment n.o.v. and a Motion for a new trial. In her Motion for judgment n.o.v., O'Malley averred that the Harts failed to establish a *prima facie* case under the Dragonetti Act and that, upon viewing the evidence in the light most favorable to the Harts, the Harts also failed to set forth a valid claim for punitive damages and attorney's fees.

¶ 10 On September 20, 1999, the trial court entered an Order, which denied O'Malley's Motion for a new trial, but sustained her Motion for judgment n.o.v. only as to punitive damages. Thus, the Harts were awarded the sum of $21,895.00, together with the costs of the action. The parties then filed their respective appeals.

¶ 11 On appeal, the Harts raise the following issues:

1) In a Wrongful Use of Civil Proceedings action, are attorney's fees which are incurred by a Plaintiff in successfully securing the right to bring an action under 42 Pa.C.S.A. §§ 8351–8354,—beyond attorney's fees incurred in defending the underlying action—part of the damages which

---

**2.** The jury verdict against O'Malley consisted of the following: a) attorney's fees incurred in defending the injunction action: $8,120.00; b) direct economic loss: $8,775.00; c) emotional distress: $5,000.00; and d) punitive damages: $10,000.00.

may be recovered under 42 Pa.C.S.A. § 8353?

2) May a Lower Court substitute its judgment for the judgment of the jury and strike a jury's award of punitive damages where substantial credible evidence presented to the jury clearly shows improper motive and reckless indifference to the rights of others?

*See* Brief of Appellant at 7.

¶ 12 On cross-appeal, O'Malley raises the following issues:

1) Whether the trial court improperly denied [O'Malley's] Motion for Judgment N.O.V. and Motion for New Trial on the basis of the fact that both upon the close of Plaintiff's case-in-chief and after all testimony closed, there was insufficient evidence presented to establish a right to relief pursuant to the statutory tort of wrongful use of civil proceedings?

2) Whether the lower court improperly denied [O'Malley's] Motion for Judgment N.O.V. and/or Motion for New Trial on the issue of attorney's fees, as insufficient evidence was presented at the trial court to establish entitlement to attorney's fees under the law of Pennsylvania?

*See* Brief of Cross–Claim Appellant at 4.

¶ 13 We first address the Harts' assertion that attorney's fees incurred by a plaintiff in bringing an action under the Dragonetti Act, are recoverable pursuant to 42 Pa.C.S.A. § 8353(3) and (4), in addition to the attorney's fees incurred in defending the underlying injunction action. Section 8353 of the Dragonetti Act provides for damages as follows:

When the essential elements of an action brought pursuant to this subchapter have been established as provided in section 8351 (relating to wrongful use of civil proceedings), the plaintiff is entitled to recover for the following:

1) The harm normally resulting from any arrest or imprisonment, or any dispossession or interference with the advantageous use of his land, chattels or other things, suffered by him during the course of the proceedings.

2) The harm to his reputation by any defamatory matter alleged as the basis of the proceedings.

3) *The expense, including any reasonable attorney['s] fees, that he has reasonably incurred in defending himself against the proceedings.*

4) *Any specific pecuniary loss that has resulted from the proceedings.*

5) Any emotional distress that is caused by the proceedings.

6) Punitive damages in accordance with the law in appropriate cases.

42 Pa.C.S.A. § 8353 (emphasis added).

¶ 14 The denial of a request for attorney's fees is a matter within the sound discretion of the trial court, which will be reversed on appeal only for a clear abuse of that discretion. *Dooley v. Rubin,* 422 Pa.Super. 57, 618 A.2d 1014 (1993). The parties to litigation are responsible for their own counsel fees unless otherwise provided by statutory authority, agreement of the parties, or some other recognized exception. *Equibank v. Miller,* 422 Pa.Super. 240, 619 A.2d 336 (1993).

¶ 15 When construing a statute, our objective is to ascertain and effectuate the legislative intent. 1 Pa.C.S.A. § 1921(a); *see Berger v. Rinaldi,* 438 Pa.Super. 78, 651 A.2d 553, 557 (1994). This Court must begin with the presumption that the legislature did not intend any statutory language to exist as mere surplusage. *Berger,* 651 A.2d at 553. Thus, "whenever possible, courts must construe a statute so as to give effect to every word contained therein." *Berger,* 651 A.2d at 553.

¶ 16 The Dragonetti Act specifically addresses the award of attorney's fees by limiting such award to "expense, including any reasonable attorney['s] fees, that [plaintiff] has reasonably incurred in defending himself against the underlying action". 42 Pa.C.S.A. § 8353(3). The Harts ask this Court to look beyond the plain language of 42 Pa.C.S.A. § 8353(3), and to interpret section 8353(4), pertaining to recovery for "any specific pecuniary loss that has resulted from the proceedings," so as to permit recovery of attorney's fees incurred by the Harts in vindicating their right to bring suit. To permit this interpretation of the statute would be to effectively disregard the preceding section, which specifically addresses the issue of attorney fees.

 ¶ 17 The plain meaning of section 8353(3) does not permit recovery for attorney's fees incurred by the Harts in pursuing an action against O'Malley for wrongful use of civil proceedings.[3] It only permits recovery for the expenses incurred in defending against the wrongful civil proceedings. 42 Pa.C.S.A. § 8353(3). Based on the foregoing, we conclude that the trial court did not err in sustaining O'Malley's Motion *in limine* to exclude, as an element of damages, the attorney's fees incurred by the Harts in pursuing their cause of action under the Dragonetti Act.

 ¶ 18 The Harts next argue that the trial court improperly sustained O'Malley's judgment n.o.v. as to punitive damages, thereby striking the jury's punitive damages award. Our standard of review of an order granting judgment n.o.v. is as follows:

There are two bases upon which a judgment n.o.v. can be entered: one, the movant is entitled to judgment as a matter of law, *Tremaine v. H.K. Mulford Co.*, 317 Pa. 97, 176 A. 212 (1935), and/or two, the evidence was such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant. *Cummings v. Nazareth Borough*, 427 Pa. 14, 233 A.2d 874 (1967). With the first, a court reviews the record and concludes that even with all factual inferences decided adverse to the movant the law nonetheless requires a verdict in his favor, whereas with the second the court reviews the evidentiary record and concludes that the evidence was such that a verdict for the movant was beyond peradventure.

*Moure v. Raeuchle*, 529 Pa. 394, 402, 604 A.2d 1003, 1007 (1992).

 ¶ 19 Punitive damages are, by definition, penal in nature, and not for the purpose of providing additional compensation. *G.J.D. by G.J.D. v. Johnson*, 552 Pa. 169, 713 A.2d 1127 (1998). Punitive damages are appropriate only if the actor's conduct was malicious, willful, oppressive, or exhibited reckless indifference to the rights of others. *Costa v. Roxborough Memorial Hospital* 708 A.2d 490 (Pa.Super.1998).

 ¶ 20 Section 8353(6) permits recovery for "punitive damages in accordance with the law in appropriate cases." In *Catania v. Hanover Insurance Co.*, 389 Pa.Super. 144, 566 A.2d 885 (1989), we explained that to establish a violation of the Dragonetti Act, actual malice need not be proven. However, by its verdict, the jury found that O'Malley instituted the underlying lawsuit with a malicious motive and without probable cause. Reproduced Record at 91a. O'Malley admits that the trial court charged the jury as follows:

---

**3.** The Harts cite no authority for the proposition that they should be permitted to recover these attorney's fees pursuant to 42 Pa.C.S.A. § 8353(3) or (4).

A wrongful use of civil proceedings arises when a party institutes a lawsuit with malicious motive and lacking probable cause. To prevail in an action for wrongful use of civil proceedings, the Plaintiff, the Harts, must show that the Defendant, O'Malley, instituted proceedings maliciously, that is, without a proper motive or that she lacked probable cause to institute the proceeding. If you find the underlying lawsuit, the injunction in this case, was not brought maliciously and that the malicious motive was lacking, then you must find in favor of Mrs. O'Malley. Moreover, if you find that she did have probable cause for bringing the underlying action, you must find in her favor.

Brief of Cross–Claim Appellant, at 31.

¶ 21 The trial court concluded that there was no basis, either in law or in fact, for the jury's award of punitive damages in this action, reasoning as follows:

O'Malley testified that she relied utterly on the advice of her attorney as to how to proceed. Her attorney decided what form the litigation should take and whom to sue. Although the course of action chosen by her attorney was misguided, O'Malley did not act unreasonably under the circumstances, much less in an outrageous manner. She did not exhibit reckless indifference to the rights of the plaintiffs.

Trial Court Opinion, 11/23/99, at 2. We disagree.

¶ 22 In *Catania*, this Court held that an action for wrongful use of civil proceedings pursuant to the Dragonetti Act does not require a *prima facie* showing of actual malice, but, such action requires proof that the defendant acted in a grossly negligent manner. *Catania*, 566 A.2d at 885. Gross negligence is defined, *inter alia*, as a lack of slight diligence or care, or a conscious, voluntary act or omission in reckless disregard of a legal duty

and of the consequences to another party, who may typically recover exemplary damages. Black's Law Dictionary 1057 (7th ed.1999). Gross negligence has also been described as "the want of even scant care" and "the failure to exercise even that care which a careless person would use." *Ratti v. Wheeling Pittsburgh Steel Corporation*, 758 A.2d 695, 703; *see also* W. Keeton, D. Dobbs, R. Keeton & D. Owens, *Prosser and Keeton on Torts*, § 34 at 183 (5th ed.1984).

¶ 23 Although the trial court concluded that O'Malley did not act "unreasonably under the circumstances," or with "reckless indifference" to the rights of the Harts, the jury, by its verdict, found otherwise. The jury found that O'Malley violated section 8353, which necessitated a finding that O'Malley instituted a lawsuit with a malicious motive, and lacking probable cause. On this basis, we conclude that the jury's award of punitive damages is appropriate based upon its finding of a violation of section 8353, and such award is supported by the evidence of record. Accordingly, we reinstate the jury's punitive damages award of $10,000.00.

¶ 24 On cross-appeal, O'Malley argues that the evidence adduced at trial was insufficient to establish a right to relief under the Dragonetti Act, including the award of reasonable attorney fees; as such, she is entitled to judgment n.o.v. and/or a new trial. We disagree.

¶ 25 Our standard of review of an order denying judgment n.o.v. is whether, reading the record in the light most favorable to the verdict winner and granting the benefit of every favorable inference, there is sufficient competent evidence to support the verdict. *Wenrick v. Schloemann–Siemag Aktiengesellschaft, et al.*, 523 Pa. 1, 564 A.2d 1244 (1989). Any conflict in the evidence must be resolved in favor of the verdict winner. *Jones v. Con-*

*stantino,* 429 Pa.Super. 73, 631 A.2d 1289 (1993). Judgment n.o.v. may be granted only in clear cases where the facts are such that no two reasonable minds could fail to agree that the verdict was improper. *Pirozzi v. Penske Olds–Cadillac–GMC, Inc.,* 413 Pa.Super. 308, 605 A.2d 373 (1992).

¶ 26 Our standard of review of an order denying a motion for a new trial is as follows:

Trial courts have broad discretion to grant or deny new trials and each review of a challenge to a new trial order must begin with an analysis of the underlying conduct or omission by the trial court that formed the basis for the motion. There is a two-step process that a trial court must follow when responding to a request for a new trial. First, the trial court must decide whether one or more mistakes occurred at trial. Second, if the trial court determines that a mistake occurred, it must determine whether the mistake was sufficient basis for granting a new trial. It is well-settled law that, absent a clear abuse of discretion by the trial court, appellate courts must not interfere with a trial court's authority to grant or deny a new trial.

*Harman v. Borah,* 562 Pa. 455, 465–66, 756 A.2d 1116, 1121–22 (2000) (citations omitted).

¶ 27 O'Malley contends that the trial court should have granted a new trial for two reasons: 1) the jury verdict was against the weight of the evidence, and 2) insufficient evidence was presented at trial as to the reasonableness of attorney's fees. Brief of Cross–Appellant at 22, 36.

¶ 28 Wrongful use of civil proceedings "is a tort which arises when a party institutes a lawsuit with a malicious motive and lacking probable cause." *Rosen v. American Bank of Rolla,* 426 Pa.Super. 376, 627 A.2d 190, 191 (1993) (citing *Shaffer v. Stewart,* 326 Pa.Super. 135, 473 A.2d 1017, 1019 (1984)). The tort of wrongful use of civil proceedings provides that a person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other if:

1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties, or adjudication of the claim in which the proceedings are based; and

2) The proceedings have been terminated in favor of the person against whom they are brought.

42 Pa.C.S.A. § 8351(a)(1)-(2).

¶ 29 To prevail in an action for wrongful use of civil proceedings, a plaintiff must prove that:

1) The underlying proceedings terminated in his or her favor;

2) The defendant caused those proceedings to be instituted without probable cause; and,

3) The proceedings were instituted for an improper purpose.

*Bannar v. Miller,* 701 A.2d 242, 247 (Pa.Super.1997). As previously stated, section 8353(3) provides recovery to the plaintiff for "the expense, including reasonable attorney's fees, that he has reasonably incurred in defending himself against the proceedings."

¶ 30 The trial court found that O'Malley acted "without probable cause and primarily for a purpose other than that of securing the proper ... adjudication" of her claim. Trial Court Opinion, 11/23/99, at 3. The trial court correctly noted that O'Malley would have had the right to appeal any decision rendered by the Susquehanna County Planning Commission. *Id.* Nevertheless, she sought to preclude the Planning Commission from ever considering

the Harts' plans to expand their mobile home park. *Id.*

¶ 31 We agree with the trial court's finding that the Harts established a *prima facie* case for wrongful use of civil proceedings. Accordingly, the trial court correctly allowed the matter to go to the jury. Because the jury's verdict is consistent with the substantive evidence, the trial court committed no error by denying O'Malley's request for judgment n.o.v. on this ground. We, therefore, agree with the trial court and conclude that there was sufficient competent evidence to establish a *prima facie* case for wrongful use of civil proceedings.

¶ 32 Because the elements of a *prima facie* case for wrongful use of civil proceedings were established, the Harts were permitted by statute to recover the reasonable attorney's fees incurred in defending themselves against the injunction action.

¶ 33 O'Malley, however, contests the award of attorney's fees because the evidence presented at trial was insufficient to prove entitlement to the amount of fees awarded. Appellate review of a trial court's order awarding attorney's fees to a litigant is limited solely to determining whether the trial court palpably abused its discretion in making the fee award. *In re Estate of Liscio*, 432 Pa.Super. 440, 638 A.2d 1019, 1021 (1994). If the record supports a trial court's finding of fact that a litigant violated the conduct provisions of a relevant statute providing for the award of attorney's fees, such award should not be disturbed on appeal. *Id.*

¶ 34 The jury heard the testimony by Ann regarding the amount and kind of attorney fees that she paid to defend herself in the injunction action. She identified an invoice and a receipt for cash payment from the attorneys who defended her in the injunction action. O'Malley contends that a grant of judgment n.o.v. on the issue of attorney's fees is proper because, "viewing the evidence and the reasonable inferences drawn therefrom in a light most favorable to the plaintiff here, there was insufficient evidence to support the elements of a claim for attorney's fees." Brief of Cross–Appellant at 37. We disagree.

¶ 35 The jury's finding of the Hart's *reasonable* attorney's fees is represented by their award of $8,120.00 in attorney's fees. No additional testimony was required to establish these fees. This award is supported by the evidence of record. Because the award is supported by the evidence, we discern no abuse of discretion by the trial court in denying O'Malley's Motion for judgment n.o.v. and/or new trial.

¶ 36 For the foregoing reasons, we vacate the judgment dated September 20, 1999 and reverse the Order dated September 20, 1999. We remand this case for reinstatement of the punitive damages award.

¶ 37 Judgment vacated, Order reversed, case remanded for further proceedings, jurisdiction relinquished.