J-A10017-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : : | |
| ORIEN L. TULP, WILLIAM C. REIL, LAW OFFICES OF WILLIAM C. REIL, TOMMY SWATE AND TOMMY SWATE, ATTORNEY AT LAW | : : : : : : : | No. 3083 EDA 2023 |
| APPEAL OF: ORIEN L. TULP | : | |

Appeal from the Judgment Entered on September 18, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  201001976

BEFORE:   PANELLA, P.J.E., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY BECK, J.:                                **FILED JUNE 9, 2025**

Orien L. Tulp ("Dr. Tulp") appeals from the judgment entered by the Philadelphia County Court of Common Pleas ("trial court") in favor of Educational Commission for Foreign Medical Graduates ("ECFMG") and Dr. William Pinsky (collectively, "Plaintiffs") and against Dr. Tulp, Tommy Swate, Esquire, and Tommy Swate Attorney at Law.  Dr. Tulp challenges the trial court's grant of partial summary judgment in favor of Plaintiffs on their claim of wrongful use of civil proceedings.  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

ECFMG is a non-profit organization[1] that certifies that foreign medical schools and graduates of those schools have met certain criteria so that the graduates of those institutions are eligible to pursue post-graduate medical training, i.e., residencies, in the United States. Dr. Pinsky is the President of ECFMG. ECFMG's certification applies only to foreign medical schools and their students. According to ECFMG criteria, a foreign medical school is an institution that does not operate within the United States.

Dr. Tulp is the founder and President of the University of Science, Art and Technology ("USAT"), a private medical school located on the island of Montserrat, which is a British territory in the Lesser Antilles chain of the West Indies. In 2018, ECFMG received information indicating that USAT was offering in-person medical instruction at different locations within the United States. If such allegations were true, USAT be would in violation ECFMG's criteria for accreditation and thus jeopardize its status as a foreign medical school and its students' eligibility for residencies in the United States.

_____

[1] The Commonwealth Court has exclusive appellate jurisdiction over not-for-profit actions where the application, interpretation or enforcement of a law regulating the corporate affairs of the nonprofit or its members, directors, officers, and the like, and it does not otherwise involve the corporate affairs of the nonprofit, its members, directors, officers, and the like. 42 Pa.C.S. § 762(a)(5). Although ECFMG is a non-profit corporation, this appeal does not fall under the Commonwealth Court's jurisdiction because ECFMG brought the underlying action for claims of wrongful use of civil proceedings and abuse of process. *See id.*

On August 21, 2018, ECFMG advised Dr. Tulp of the allegations and in response, he denied them and claimed that USAT was not conducting any medical instruction within the United States. ECFMG then began an investigation into USAT. ECFMG sent affidavits to USAT students inquiring where their medical education and training had taken place. Of the students that responded, more than 300 indicated that they had taken classes in different locations within the Unites States and not a single student stated that they had completed the entirety of their medical education in Montserrat.

On October 18, 2018, ECFMG advised Dr. Tulp that in addition to the aforementioned allegations, it now had reason to believe he provided ECFMG with false information in his initial response and invited him to attend its credential committee meeting in Philadelphia on November 28, 2018. At the meeting, Dr. Tulp's attorney, Tommy Swate, Esquire, refused to provide the committee with any information, accused ECFMG of blackmailing USAT students, threatened the committee members with personal liability, and generally refused to cooperate with the committee in any manner or offer any defense to ECFMG's allegations. On December 14, 2018, ECFMG informed Dr. Tulp that it had determined that he had indeed provided ECFMG with false information and instituted disciplinary actions against Dr. Tulp and USAT.

On December 24, 2018, Dr. Tulp filed suit against Plaintiffs in the United States District Court for the Eastern District of Pennsylvania in which he raised claims of, inter alia, tortious interference with a contract, violation of his

procedural and substantive due process rights under the Fourteenth Amendment to the United States Constitution, violation his common law due process rights, fraud, abuse of process, and negligent misrepresentation. Attorney Swate and William Reil, Esquire, represented Dr. Tulp in federal court. Plaintiffs filed a motion to dismiss the complaint and on March 26, 2019, the district court granted the motion as to all claims except the common law due process claim. ***See*** Complaint, 12/3/2020, Exhibit 3 (***Tulp v. Educ. Comm'n for Foreign Med. Graduates***, 376 F.Supp.3d 531 (E.D. Pa. Mar. 26, 2019)). Plaintiffs subsequently filed a motion for summary judgment on the remaining claim, which the district court granted on June 25, 2019. ***See id.***, Exhibit 4 (***Tulp v. Educ. Comm'n for Foreign Med. Graduates***, 2019 WL 2601066 (E.D. Pa. June 25, 2019)).

Dr. Tulp appealed the district's court grant of summary judgment on the common law due process claim to the United States Court of Appeals for the Third Circuit. In upholding the district court's grant of summary judgment, the Third Circuit stated, with respect to the November 2018 credential committee meeting:

> Tulp received notice of the hearing, was allowed to attend with counsel, and was repeatedly invited to offer evidence in his own defense. He deliberately refused to do so. Any resultant loss of an opportunity to be heard rests squarely with Tulp and his counsel, not ECFMG, and Tulp's argument to the contrary is frivolous.

***Id.***, Exhibit 5 (***Tulp v. Educ. Comm'n for Foreign Med. Graduates***, 2020 WL 4783646, at *3 (3d Cir. Aug. 17, 2020) (non-precedential decision)).

- 4 -

On December 3, 2020, Plaintiffs filed the complaint underlying this appeal in which they raised claims of wrongful use of civil proceedings and abuse of process against Dr. Tulip, Attorney Swate and his law firm, Tommy Swate Attorney at Law, and Attorney Reil and his law firm, the Law Offices of William C. Reil. On March 1, 2021, the trial court entered default judgment in favor of Plaintiffs and against Attorney Swate and his law firm for failing to file an answer. Plaintiffs entered into a settlement agreement with Attorney Reil and the Law Offices of William C. Reil, and the trial court subsequently discontinued the case as to those parties. Dr. Tulip proceeded pro se throughout the early stages of litigation. He did not respond to Plaintiffs' initial discovery requests, including their requests for admissions ("RFAs").

On February 9, 2022, Plaintiffs filed a partial motion for summary judgment on their claim against Dr. Tulp for wrongful use of civil proceedings. Plaintiffs later withdrew their abuse of process claim. On March 14, 2022, Dr. Tulp filed a pro se response. On May 11, 2022, the trial court granted Plaintiffs' partial motion for summary judgment.

The case then proceeded to a nonjury trial relating to damages on Plaintiffs' claim of wrongful use of civil proceedings. On October 21, 2023, the trial court issued a finding for Plaintiffs in the amount of $837,791.34.

On November 10, 2023, Dr. Tulp filed a notice of appeal to this Court from the trial court's May 11, 2022 order granting partial summary judgment on Plaintiffs' claim of wrongful use of civil proceedings and the trial court's

October 21, 2023 damages decision following the nonjury trial. Both Dr. Tulp and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

On July 19, 2024, this Court entered an order quashing all trial-related claims stemming from the October 21, 2023 order because Dr. Tulp failed to file post-trial motions. *See* Order, 7/19/2024. The order also permitted the appeal to proceed with respect to Dr. Tulp's challenge to the trial court's partial grant of summary judgment on the wrongful use of civil proceedings claim. *See id.* The order, however, directed Dr. Tulp to praecipe for entry of judgment, as the record reflected that the trial court had not formally entered judgment in the matter. *See id.* Following Dr. Tulp's response, a show cause order, and further direction from this Court, Dr. Tulp praeciped for entry of judgment on September 18, 2024, and the trial court entered judgment the same day, which perfected this appeal. *See Bolmgren v. State Farm Fire and Cas. Co.*, 758 A.2d 689, 691 (Pa. Super. 2000) (explaining that this Court has held that generally, "an appeal will not lie from an order granting partial summary judgment"); *see also Yon v. Yarus*, 700 A.2d 545, 546 (Pa. Super. 1997) (stating that a party may praecipe for the entry of judgment while an appeal is pending to perfect appellate jurisdiction).

Dr. Tulp presents the following issues for review:

1. Did the court below err, as a matter of law, in granting the Plaintiffs' motion for partial summary judgment, because the only "evidence" [Plaintiffs] offered to support that motion were admissions by [Dr. Tulp] deemed to have resulted from his

- 6 -

apparently delayed answers controverting [Plaintiffs'] requests for admission, some of which were conclusions of law and not proper requests at all?

2. Did the court below err, as a matter of law, by violating the standard for summary judgment in granting [Plaintiffs'] motion, although statements by [Dr. Tulp] sufficiently established that disputed issues existed with respect to at least one element of the Plaintiffs' claim under the Dragonetti Act?

Dr. Tulp's Brief at 5.

We review a trial court's grant of summary judgment pursuant to the following standard:

> In reviewing an order granting summary judgment, our scope of review is plenary, and our standard of review is the same as that applied by the trial court. Our Supreme Court has stated the applicable standard of review as follows: An appellate court may reverse the entry of summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is de novo.
>
> Therefore, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a prima facie cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

*Caterpillar Fin. Servs. Corp. v. Get 'Er Done Drilling, Inc.*, 286 A.3d 302, 305-06 (Pa. Super. 2022) (citation omitted).

- 7 -

As Dr. Tulp's two issues are related, we address them together. First, Dr. Tulp argues that the trial court erred in granting summary judgment on Plaintiffs' wrongful use of civil proceedings claim because Plaintiffs, in their motion for summary judgment, relied exclusively on their RFAs—in particular, requests 15 through 18—that were improper questions of law and were deemed admitted after Dr. Tulp failed to timely respond to them. **See** Dr. Tulp's Brief at 24-39. He asserts that under Pennsylvania law, courts cannot solely rely on RFAs that are pure questions of law in granting a motion for summary judgment, even when the nonmoving party failed to respond to the RFAs in a timely fashion. **Id.** at 28-29. Dr. Tulp contends that the trial court should not have relied on admissions 15 through 18 in granting summary judgment and that they represented the sole basis for concluding that he acted without probable cause and in a grossly negligent manner bringing the federal suit against Plaintiffs. **Id.** at 27-34.

Second, Dr. Tulp argues that the trial court erred in granting summary judgment on Plaintiffs' wrongful use of civil proceedings claim because disputed material facts existed as to whether he brought the underlying federal suit against Plaintiffs with an improper purpose. **Id.** at 39-57. He maintains that the intended purpose of his federal suit against Plaintiffs was to undo the damage ECFMG caused to USAT and its students. **Id.** at 43. Dr. Tulp contends that his pro se response to the Plaintiffs' partial motion for summary judgment reveals disputed material facts as to whether he lacked

probable cause or acted in a grossly negligent manner in bringing the federal suit against Plaintiffs because he did so merely on the advice of his attorneys. *Id.* at 47-55.

Section 8351 of the Judicial Code sets forth the civil action of wrongful use of civil proceedings, commonly referred to as a *Dragonetti* claim:

> **(a) Elements of action.**--A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:
>
>> (1) he acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and
>>
>> (2) the proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S. § 8351(a). "[T]he clear language of [s]ection 8351 permits a cause of action to be based on gross negligence or lack of probable cause." *Buchleitner v. Perer*, 794 A.2d 366, 378 (Pa. Super. 2002) (citation omitted).

Section 8352 defines probable cause, in pertinent part, as follows:

> A person who takes part in the procurement, initiation or continuation of civil proceedings against another has probable cause for doing so if he reasonably believes in the existence of the facts upon which the claim is based, and either:
>
>> (1) reasonably believes that under those facts the claim may be valid under the existing or developing law; [or]

(2) believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information[.]

42 Pa.C.S. § 8352(1)-(2). "Gross negligence is defined, inter alia, as a lack of slight diligence or care, or a conscious, voluntary act or omission in reckless disregard of a legal duty and of the consequences to another party, who may typically recover exemplary damages." **Hart v. O'Malley**, 781 A.2d 1211, 1218 (Pa. Super. 2001).

Rule 4014 of the Pennsylvania Rules of Civil Procedure govern RFAs. **See** Pa.R.Civ.P. 4014. Rule 4014 permits a party to serve upon another party a written request for the admission of the truth of certain matters relating "to statements or opinions of fact or of the application of law to fact." Pa.R.Civ.P. 4014(a). "The purpose of this discovery tool is to clarify and simplify the issues raised in prior pleadings in order to expedite the litigation process." **Christian v. Pa. Fin. Responsibility Assigned Claims Plan**, 686 A.2d 1, 5 (Pa. Super. 1996) (citation omitted). "The matter is admitted unless, within thirty days after service of the request, … the party to whom the request is directed serves upon the party requesting the admission an answer verified by the party or an objection, signed by the party or by the party's attorney[.]" Pa.R.C.P. 4014(b). "Conclusions of law are not within the permissible scope of requests for admissions; requests must call for matters of fact rather than legal opinions and conclusions." **Christian**, 686 A.2d at 5. "Any matter admitted under [Rule 4014] is conclusively established unless the court on

motions permits withdrawal or amendment of the admission." Pa.R.C.P. 4014(d).

The record reflects that on July 29, 2021, Plaintiffs served Dr. Tulp with RFAs. *See* Plaintiffs' Partial Motion for Summary Judgment, 2/9/2022, Exhibit D (Plaintiffs' RFAs Direct to Dr. Tulp, 7/29/2021, at 12). Dr. Tulp, however, did not serve his response to Plaintiffs' RFAs until February 11, 2022, well after the thirty-day time limit and after Plaintiffs filed their partial motion for summary judgment. *See* Plaintiffs' Reply to Dr. Tulp's Motion in Limine, 5/12/2023, Exhibit B (Dr. Tulp's Responses to RFAs, 2/11/2022). Thus, pursuant to Rule 4014(b), the requests for admission were deemed admitted. *See* Pa.R.Civ.P. 4014(b). Notably, Dr. Tulp never filed a motion to withdraw or amend his admissions pursuant to Rule 4014(d).

Though conceding that the federal action terminated in favor of Plaintiffs, thus satisfying section 8351(a)(2), Dr. Tulp contends that RFAs 15 through 18 cannot serve as proof that he brought the federal suit without probable cause or with gross negligence.[2] *See id.*; *see also* 42 Pa.C.S. §

---

[2] Plaintiffs' Requests for Admissions 15 through 18 provide as follows:

[15.] Admit that you instituted the Underlying Litigation without probable cause.

[16.] Admit that you instituted the Underlying Litigation with gross negligence.

*(Footnote Continued Next Page)*

8351(a)(2). Assuming, arguendo, that Dr. Tulp is correct that RFAs 15 through 18 are improper because they call for conclusions of law and thus cannot support the grant of summary judgment, this does not entitle him to relief. Contrary to his claim, there is no support in the record that those four RFAs served as the basis of the trial court's decision to grant summary judgment. Dr. Tulp points to nothing in the record that would support such a finding. Indeed, the record reflects that in addition to requests 15 through 18, Plaintiffs relied on Dr. Tulp's deemed admission of RFAs 12 and 13, as well as Dr. Tulp's deposition testimony, to support their claim that the federal litigation was baseless and retaliatory in nature. *See* Plaintiffs' Memorandum in Support of their Motion for Partial Summary Judgment, 2/9/2022, at 14-15.

Dr. Tulp does not challenge any of Plaintiffs other RFAs that were deemed admitted under Rule 4014, which, collectively, amply supports the trial court's decision that Plaintiffs were entitled to judgment as a matter of law on their wrongful use of civil proceedings claim. The remaining RFAs, to

---

[17.] Admit that you continued the Underlying Litigation without probable cause.

[18] Admit that you continued the Underlying Litigation with gross negligence.

Plaintiffs' Requests for Admissions at 10-11 (formatting modified).

which Dr. Tulp failed to respond and thus is deemed to have admitted, included the following:

[1.] Admit that You directed for Dr. Pinsky to be served with a federal subpoena on New Year's Eve in order for the service of the subpoena to have a negative impact on Dr. Pinsky's New Year's Eve and/or New Year's Day.

[2.] Admit that You directed for Plaintiffs to be served with a complaint on Christmas Eve in order for the service of the complaint to have a negative impact on Plaintiffs' Christmas Eve and/or Christmas Day.

[3.] Admit that it was not a coincidence that Plaintiffs were served legal documents on the eve of two major holidays but rather the direct result of your litigation strategy to burden, vex or harass Plaintiffs.

[4.] Admit that by instituting the underlying litigation against Plaintiffs, it was your intent for Plaintiffs to spend a lot of money on the litigation.

[5.] Admit that by continuing the underlying litigation against Plaintiffs, it was your intent to make Plaintiffs spend a lot of money on the litigation.

[6.] Admit that you contradicted your allegations in the underlying litigation when you stated in a 2019 interview that "USAT is still operating and it will not close. That's one thing you can put in the article."

[7.] Admit that you directed a second complaint to be filed in the underlying litigation on the same day that your original complaint was dismissed on summary judgment.

[8.] Admit that you instituted the underlying litigation, at least in part, to harass or vex Plaintiffs.

[9.] Admit that you directed your attorney(s) to drag out the underlying litigation in order to force Plaintiffs to incur additional legal fees.

[10.] Admit that it was part of your litigation strategy to drag out the underlying litigation in order to force Plaintiffs to incur additional legal fees.

[11.] Admit that ECFMG provided you a hearing at which you were represented by counsel, and you declined to offer any testimony.

[12.] Admit that before you filed the original complaint in the underlying litigation, you knew that you were afforded due process at your irregular behavior proceeding before ECFMG's Medical Education Credentials Committee.

[13.] Admit that you only instituted the underlying litigation in retaliation for ECFMG finding that you engaged in irregular behavior, and it would no longer accept you as an Authorized Official of USAT.

[14.] Admit that you were given notice and an opportunity to be heard with respect to your irregular behavior proceeding before ECFMG's Medical Education Credentials Committee.

*Id.* (formatting modified); *see also* Pa.R.Civ.P. 4014(b). These admissions reflect that Dr. Tulp brought the federal action against Plaintiffs solely to harass them and to cause them to spend a significant amount of funds, all the while knowing that he had no viable claims—in particular, due process claims—against them. *See id.*

Additionally, Dr. Tulp's own deposition testimony reveals that he brought the federal action against Plaintiffs as retaliation for ECFMG instituting disciplinary action against USAT and Dr. Tulp:

Q. But Dr. Tulp, when all other evidence points to frivolous claims, you're a smart man like I said, why didn't you say let's stop this now while all the –

A. Because they just took $41.2 million away from my school. It took 15 years of my hard work to create one of the best medical

- 14 -

schools in the Caribbean. They took that away from me. That's wrong. They have no business to do that.

Plaintiffs' Partial Motion for Summary Judgment, 2/9/2022, Exhibit C (N.T., 8/26/2021, at 140).

The record reflects that with respect to his federal action against Plaintiffs, Dr. Tulp initiated and continued civil proceedings when he had no reasonable belief in the existence of the facts upon which he based his claims or that his claims may be valid under existing law, and that he did so with a conscious disregard of the consequences to Plaintiffs. **See** 42 Pa.C.S. § 8352; **see also Hart**, 781 A.2d at 1218. Although Dr. Tulp claims that he brought and continued the federal action against Plaintiffs based on bad advice he received from his attorneys, thus ostensibly creating a genuine issue of material fact as to whether he brought the federal suit with probable cause and without gross negligence, this is entirely belied by the record.[3] The record, through deemed admissions 1 through 14, and Dr. Tulp's deposition testimony, conclusively established that he acted without probable cause and

---

[3] Throughout his appellate brief, Dr. Tulp suggests, without citation to authority, that we should forgive his untimely or otherwise deficient responses to Plaintiffs' requests for admissions and other filings because he proceeded pro se. **See** Dr. Tulp's Brief at 19-56. We emphasize to Dr. Tulp that "[a]lthough this Court is willing to liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Norman for Est. of Shearlds v. Temple U. Health Sys.**, 208 A.3d 1115, 1118-19 (Pa. Super. 2019).

with gross negligence in bringing the federal action against Plaintiffs. Such a conclusion is further supported by the Third Circuit's determination that Dr. Tulp's claims in the federal suit were "frivolous." ***See*** Complaint, 12/3/2020, Exhibit 5 (***Tulp***, 2020 WL 4783646, at *3).

Based on the foregoing, we conclude that the record supports the trial court's determination that there was no genuine issue as to any material fact and Plaintiffs were entitled to a judgment as a matter of law on the wrongful use of civil proceedings claim. ***See Get 'Er Done Drilling***, 286 A.3d at 305-06. The trial court therefore did not error in granting summary judgment on Plaintiffs wrongful use of civil proceedings claim.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/9/2025